PEOPLE v. MEYERS.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

CRIMINAL LAW—APPEAL—REVERSAL.

A conviction of an odious crime on the testimony of two officers, who claimed to have surreptitiously witnessed it, but who did not attempt to arrest defendant or prevent consummation of the crime, should be reversed for a new trial; wide latitude in cross-examination of such witnesses not having been afforded, the victim, who was apparently in league with the officers to the extent of submitting to the offense in their sight, not having been produced as a witness, and there having been a sharp conflict in the evidence.

Appeal from Nassau County Court.

Israel H. Meyers appeals from a conviction. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Thomas Kelby, for appellant.

Franklin A. Coles, Dist. Atty., for the People.

PER CURIAM. The defendant, a man of previously good reputation, has been convicted of an odious crime on the testimony of two officers, who claim to have surreptitiously witnessed it. The defendant should have had afforded him the widest latitude in their cross-examination, in view of the fact that they neither attempted to arrest him nor to prevent the consummation of the crime. In view of this fact, and of the fact that the victim, who was apparently in league with the officers to the extent of submitting to the offense in their sight, was not produced as a witness, and in view of the sharp conflict in the evidence on the question of guilt we are satisfied that this is a proper case for the ordering of a new trial.

The judgment of conviction of the County Court of Nassau county is reversed, and a new trial ordered.